City of Rockford, a Municipal Corporation, Plaintiff-Appellee, v. Local No. 413, International Association of Firefighters, a Labor Organization, Donald Lindstrant, et al., Defendants-Appellants.

Gen. No. 68–54.

Second District.

September 23, 1968.

Knight, Ingrassia and Schirger, of Rockford, for appellants.

William E. Collins, Corporation Counsel, of Rockford, for appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

On March 26, 1968, the plaintiff, City of Rockford, brought a petition in the Circuit Court of Winnebago County to enjoin the defendant labor union, Local No. 413 of the International Association of Firefighters, and several officers of the Local, from engaging in a strike against the City and from picketing the city hall or any fire stations in the city. Notice was given to the defendants and their attorney in the late afternoon and early evening of that day that the city would appear in court the following morning, March 27, to seek a temporary injunction in accordance with the petition. All parties appeared in court on March 27 and after a short hearing a temporary order was entered that enjoined the Local, and "its officers, representatives, agents and members" as follows:

"A. Engaging in a strike or any form of cessation of work against the City of Rockford.

"B. From picketing the City Hall premises at 425 East State Street, Rockford, Illinois, and from picketing any of the Fire Stations located in the City of Rockford, Illinois.

"C. From hindering or obstructing in any manner the ingress or egress from the City Hall premises of the City of Rockford at 425 East State Street or the ingress or egress from any of the Fire Stations located in the City of Rockford, Illinois."

On March 29, the defendants brought a two-count motion to set aside the injunction order. Count I alleged that the injunction had been improvidently issued because of certain specified defects both of procedure and substance. Count II asked, in the alternative, that paragraphs B and C of the injunction order be dissolved since "said paragraphs applied to an unlawful strike" and the strike or

work cessation had already ended. The court denied the motion and this interlocutory appeal followed.

It has been universally agreed in all reported decisions that public employees have no legal right to engage in a strike. This rule has been given additional expression in the recent Illinois case of Board of Education of Community Unit School Dist. No. 2 v. Redding, 32 Ill2d 567, 207 NE2d 427, wherein our Supreme Court at pages 571 and 572 stated:

> "The underlying basis for the policy against strikes by public employees is the sound and demanding notion that governmental functions may not be impeded or obstructed, as well as the concept that the profit motive, inherent in the principle of free enterprise, is absent in the governmental function."

Both parties acknowledge that this is the law but the defendant maintains that the members of Local 413 were engaged in a "work dispute" only, not a strike.

The evidence disclosed that at approximately 10:00 p. m. on March 24, the Rockford City Council, at a public hearing, passed a budget for the forthcoming year that failed to include wage increases for the firemen as demanded by Local 413. At 10:30 p. m., the Local advised the acting fire chief that as of 12:00 p. m. all fire stations would be maintained by partial staffs on schedules to be arranged by a committee of the local union. All firemen in the city except for the Chief and two Assistants were apparently members of the union. Thereafter, the fire stations were maintained by staffs approximately 50% smaller than normal and, in the opinion of the Chief, the city was not receiving adequate fire protection as a result of this arrangement. Testimony was presented by the defendants that the city was adequately protected under the maintenance schedules operated by their committee as evidenced by the fact that 17 fire alarms had been answered during the period of their control.

■ ■ "A strike has been defined as a cessation of work by employees in an effort to get for employees more favorable terms." Bankston Creek Collieries v. Gordon, 399 Ill 291, 298, 299, 77 NE2d 670. There is no question in our minds that the firemen of the City of Rockford were engaged in a strike. The fact that the work stoppage was not complete does not alter the obvious purpose of the firemen to realize their demands by withholding their services.

■ The defendant further urges that the city was not entitled to a temporary injunction in any event since there was no showing of irreparable harm in that the crucial services of firemen were performed on an adequate, if partial, basis. That contention is squarely refuted by the same case of Board of Education v. Redding, supra, where a union of school custodians was enjoined from a strike even though the striking employees offered to perform essential services so that the schools could continue to operate. The court stated, at page 573, that:

> "These circumstances, however, can be of little consequence, for the fact remains that an important governmental function is nonetheless still being impeded and adversely affected as a result of the strike. What is more, to be thorough and efficient, school operations cannot depend upon the choice or whim of its employees, or their union, or others, but must necessarily be controlled only by duly constituted and qualified school officials."

■ If it is true that a school board cannot permit a union or group of employees to control the custodial care of its schools, it is at least equally true that a city cannot permit the control of its fire department to be arbitrarily assumed by the firemen themselves. Although, as pointed out by the defendants, the evidence in the Redding case showed that the school district had already

40

been injured by the refusal of the custodians to perform their services, it is not necessary that the city wait until a fire occurs of such gravity to be beyond the control of the undermanned staff appointed by the union to receive injunctive relief. While it is true that a temporary injunction is a drastic remedy to be used only in cases of great emergency and gravity, the circumstances clearly warranted its use in the present case. Streamwood Home Builders, Inc. v. Brolin, 25 Ill App2d 39, 165 NE2d 531.

■ The procedural defects of which the defendant complains are largely concerned with the short notice furnished them before the hearing on the temporary injunction. It is apparent from the record that counsel for the defendants was aware of the strike from its inception and was hardly taken by surprise in the action of the city. He appeared with the defendants on the specified date, acknowledged the jurisdiction of the court, offered testimony and did not object to the lack of timely notice. There is no evidence whatsoever that the defendants were in any way prejudiced by the short notice and considering the nature of the matter the court was well within its area of discretion in permitting the hearing to proceed on that date.

■ A more difficult issue to confront was raised by the refusal of the trial court to dissolve paragraphs B and C of the original order after the strike itself had ended. It was stipulated that the firemen returned to work on a normal basis within a few hours of the issuance of the temporary injunction. The defendants maintain that the picketing was unlawful, if at all, only when it was an organic part of an unlawful strike and that therefore when the strike itself ended the picketing was no longer illegal. Picketing is generally held a valid method of expression and, if peaceable, subject to constitutional safeguards. Ordinarily, an injunction will not be granted against peaceable picketing for

41

a lawful purpose. Cielesz v. Local 189, Amalmagated Meat Cutters & Butcher Workmen of North America, AFL-CIO Union, 25 Ill App2d 491, 497, 167 NE2d 302. Although there is some doubt as to the legality of picketing in this case, the record discloses no evidence that it obstructed the governmental functions of the city. Unlike a concerted strike by firemen or others engaged in the protection of society, picketing does not of itself contain an inherent threat to public safety and absent proof of actual interference with governmental functions should not be subject to a temporary injunction.

We, therefore, conclude that Paragraph A of the Order of March 27, 1968, be affirmed and that Paragraphs B and C of said Order be reversed and the cause remanded.

Affirmed in part, reversed in part, and remanded.

MORAN and SEIDENFELD, JJ., concur.