CHARLES FLETCHER *et al.*, Plaintiffs-Appellants, *v.* THE CIVIL SERVICE COMMISSION OF THE CITY OF WAUKEGAN *et al.*, Defendants-Appellees.

(No. 71-281; ▮▮▮▮▮▮▮▮▮▮)

Second District—July 26, 1972.

594

Edward J. Copeland, of Foss, Schuman & Drake, and Arthur R. Loevy, both of Chicago, for appellants.

M. R. Conzelman, and Fuqua, Fuqua, Winter & Homer, both of Waukegan, for appellees.

Mr. JUSTICE WILLIAM R. NASH delivered the opinion of the court:

Plaintiffs, who are former members of the Police Department of the City of Waukegan, appeal from a judgment of the Circuit Court of Lake County in a proceeding under the Administrative Review Act.

Written charges were filed with the defendant, Civil Service Commission of Waukegan, by the Chief of Police listing nine alleged violations of specified rules of the Commission governing plaintiffs' duties as officers of the police department. The charges all resulted from the failure of plaintiffs to report for duty as ordered from July 24th through July 28th, 1970, during a period of time when a labor dispute was in progress between them and their employer, the City of Waukegan.

After notice to them and hearing, the Commission found each plaintiff guilty of the charges and ordered their discharge. On review, the Circuit Court confirmed the decision of the civil service commission.

Plaintiffs appealed directly to the Illinois Supreme Court pursuant to its former Rule 302(a)(2) (Ill. Rev. Stat. 1969, ch. 110A, sec. 302(a)(2)), which then provided for direct appeals from final judgments of the Circuit Court to the Supreme Court in cases involving questions arising under the Constitution of the United States. Ill. Const. 1870, art. 6, sec. 5(b).

The case was transferred to the Appellate Court by the Supreme Court after it adopted its Rule 302(a) (Ill. Rev. Stat. 1971, ch. 110A, sec. 302(a)), no longer requiring direct appeal in such cases. Ill. Const. 1970, art. 6, sec. 4.

Plaintiffs do not argue on appeal that the decision of the Commission was against the manifest weight of the evidence presented to it insofar as the charges of rule violations against them are concerned. They urge here that they were deprived of due process as guaranteed to them by

the 14th Amendment to the Constitution of the United States by reason of the manner in which the hearing before the Commission was conducted, and, that they have a right to strike protected by the equal protection provisions of the 14th Amendment.

Specifically, plaintiffs contend that it was not established that they received due and sufficient notice prior to the discharge hearing before the Commission and that they were denied a full opportunity to present their defense in the hearing. Further, they suggest that the Civil Service Commission lacked jurisdiction to consider charges against them stemming from a labor dispute by virtue of plaintiffs' constitutionally protected right to strike.

A review of the procedures followed by the Commission is necessary to consider the issues raised.

The charges were filed against plaintiffs with the Commission on July 28, 1970. On that day the secretary of the Commission, as is provided by its rules, mailed a notice to each plaintiff stating the time, place and subject matter of a hearing to be held August 4, 1970. Attached to the notice was a statement of the violations charged against each plaintiff and the particular rules of the Commission alleged to have been violated. The notices further advised plaintiffs they "may appear and be heard in your defense if you see fit."

The secretary thereafter filed with the Commission his affidavit that he had mailed the notices as herein stated.

On the August 4th hearing date, counsel appeared before the Commission on behalf of plaintiffs and at their request the hearing was continued to August 10th, at which time it was held. Plaintiffs were all represented by counsel at the hearing and no further requests for continuances were made by them.

The hearing proceeded with three witnesses being called in support of the charges who testified that plaintiffs did not report for duty or exercise any duties on the days in question although assigned to do so. They further testified none of the plaintiffs had been granted leave of absence during those days and that at a meeting of plaintiffs and other police officers held July 24th they voted to walk out as sick policemen and not report for work.

None of the plaintiffs chose to testify at the hearing, nor was any evidence tendered on their behalf refuting the charges being considered by the Commission.

Plaintiffs contend first that proof of service of notice of hearing before the civil service commission must conform to the requirements of Supreme Court Rule 12 (Ill. Rev. Stat. 1969, ch. 110A, sec. 12), and that

the Commission's secretary failed to certify in his affidavit of service that proper postage was prepaid when the notices were mailed, as required by the Rule. It is argued that the failure of the Commission to follow this statutory procedure for proof of service of notice violated the due process standard requiring that an administrative body follow the procedures and rules which govern it. *Vitarelli v. Seaton* (1959), 359 U.S. 535; *Gigger v. Board of Fire and Police Commissioners* (1960), 23 Ill.App.2d 433, 438, 163 N.E.2d 541.

■■ We note that Rule 12 by its terms applies only to proof of service of notice given by mail in the trial and reviewing courts. The Commission finds its direction in section 10—1—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, sec. 10—1—5) wherein it is authorized to make rules to carry out its powers under the Code. These powers include removal of employees appointed pursuant to the provisions of the Code, as were plaintiffs herein.

The rules adopted by the Commission under its statutory authority provide that a hearing may not be held by the Commission less than five days after the mailing of notice of such hearing. The affidavit of service of notice of this hearing stated they were mailed July 28th for the hearing then scheduled to be held August 4th, and which was then continued at plaintiffs' request to August 10th.

■■ The Commission was authorized by statute to adopt rules for notice of its hearings being only required to offer each plaintiff "an opportunity to be heard in his own defense". (Ill. Rev. Stat. 1969, ch. 24, sec. 10—1—18.) Rule 12 does not pretend to establish a universal standard necessarily to be followed in all cases in which a notice must be given and it has no application to proof of service of notice required to be given by a civil service commission. The Commission properly accepted the validity of its own records that notice had been mailed to plaintiffs in accordance with its rules. None of the plaintiffs assert they did not receive notice and all appeared by counsel and participated in the hearing. *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill.2d 556, 224 N.E.2d 236.

Finding as we do that Rule 12 has no application here, we further find plaintiffs were not constitutionally entitled to proof of service of notice as there required.

■■ Plaintiffs also contend they were not given a notice required by section 10—1—18 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, sec. 10—1—18) which provided, in substance, that before a civil service employee may be "interrogated or examined" in a setting wherein the results of such discussion may be the basis for filing charges seeking

his removal or discharge, the employee must be advised in writing as to the improper acts he is alleged to have committed, his right to counsel and that admissions he might make may be used as a basis for charges seeking his removal.

Plaintiffs suggest such notice must be given to them before any "investigation" of them and not having been done here the failure to follow this procedural safeguard established by the General Assembly was a denial of due process.

Suffice it to point out that the statute relied upon by plaintiffs states such notice is required before interrogation or examination—not before investigation. There is no evidence of any interrogation or examination of plaintiffs in this case. This portion of Section 10—1—18 of the Municipal Code has no application to the facts in this case and cannot be applied as a test of due process.

We consider next whether plaintiffs were accorded a full and fair hearing by the civil service commission.

It is contended that the labor dispute between plaintiffs and their employer, the City of Waukegan, was the principal issue of the hearing before the Commission and it was, therefore, obliged to make inquiry into and consider the merits of that dispute. By declining to do so, it is argued, the Commission deprived plaintiffs of the full hearing which due process requires.

This issue was placed in sharp focus early in the hearing when counsel for the plaintiffs questioned the jurisdiction of the Commission on the grounds this matter was a labor dispute. He later stated, "The policemen of the City of Waukegan have advised me and have asked me to represent to you that this is a labor dispute; that they are out on strike."

The Commission chairman responded that it had no jurisdiction to consider a labor matter and that, "We are going to address ourselves specifically to the charges and not to the matter of a labor dispute."

■■ As earlier noted, the plaintiffs did not seek to testify in the hearing nor was other evidence tendered by them on the issue of the charges before the Commission. Their counsel stated to the Commission that plaintiffs chose not to testify. There is no suggestion in the record of this case of a refusal by the Commission to hear any relevant evidence offered by plaintiffs. The fact the Commission declined, correctly we believe, to undertake an evaluation of the merits of the labor dispute which caused plaintiffs to depart from their duties does not aid them. That plaintiffs were on strike was made amply clear to the Commission by counsel; they had every opportunity to be heard in other response to the charges against them and chose to rest upon their claimed right to

strike. *Ellis v. Commerce Commission*, 44 Ill.2d 438, 255 N.E.2d 417; *Grattan v. Ahlberg*, 373 Ill. 455, 26 N.E.2d 499; *People ex rel. Hanrahan v. Ames*, 277 Ill.App. 312, 316.

■■ In addition, plaintiffs contend they were deprived of a fair hearing in that the chairman of the Commission was part owner of a printing firm which sometimes did work for the city.

We see nothing in the record to suggest any prejudice to plaintiffs on this account. The decision of the three member Commission was unanimous and there is no evidence the chairman either dominated the Commission or urged his will on the other members. In his conduct of the hearing and his rulings on the evidence, he demonstrated an unbiased and independent consideration of the case. *Pipe Trades, Inc. v. Rauch*, 2 Ill.2d 278, 290, 118 N.E.2d 319; *Zinser v. Board of Fire and Police Commissioners*, 28 Ill.App.2d 435, 172 N.E.2d 33.

We conclude plaintiffs received that full and fair hearing required by the due process clause of the 14th Amendment to the Constitution of the United States.

■■ Plaintiffs' final contention is that the alleged improper acts forming the basis for the charges against them were a result of the exercise of their constitutional right to strike in a labor dispute in which they were protected by the equal protection provisions of the 14th Amendment to the Constitution of the United States. They assert that as public employees they are guaranteed the same right to strike or withhold their services as have all other employees in the private sector, and that the civil service commission cannot constitutionally apply the sanctions of its rules to penalize them for exercising such right.

This issue was considered in a case involving custodial employees of a school district (*Board of Education v. Redding*, 32 Ill.2d 567, 207 N.E.2d 427), where at page 571 the court stated, that it is:

"* * * the universal view that there is no inherent right in municipal employees to strike against their governmental employer, whether Federal, State, or a political subdivision thereof, and that a strike of municipal employees for any purpose is illegal. [Cases cited.]"

This court was guided by *Redding* in *City of Rockford v. Local No. 413*, 98 Ill.App.2d 36, 240 N.E.2d 705, wherein it recognized the rule that public employees have no legal right to engage in a strike and sustained the issuance of an injunction against city firemen who had done so in an effort to secure more favorable terms in their employment. Later decisions of our Supreme Court have not, as urged by plaintiffs, changed the underlying rationale of *Redding*. (*Peters v. South Chicago Community Hospital* (1969), 44 Ill.2d 22, 253 N.E.2d 375 and *County of Peoria v. Benedict* (1970), 47 Ill.2d 166, 265 N.E.2d 141.) In these cases

only the remedy of injunction was affected as it applied to the class of public employees there considered. See *Board of Education v. Federation of Teachers*, 46 Ill.2d 439, 264 N.E.2d 18.

The federal courts have most recently considered this question in *United Federation of Postal Clerks v. Blount* (1971), 325 F.Supp. 879 where it is stated at pages 882 and 883 that,

"\* \* \* there is a unanimity of opinion in the part of courts and legislatures that governmental employees do not have the right to strike \* \* \*. Given the fact that there is no constitutional right to strike, it is not irrational or arbitrary for the Government to condition employment on a promise not to withhold labor collectively, and to prohibit strikes by those in public employment, whether because of the prerogatives of the sovereign, some sense of higher obligation associated with public service, to assure the continuing function of the Government without interruption, to protect public health and safety or for other reasons."

The decision in *Blount* was affirmed by the Supreme Court of the United States on October 12, 1971 (30 L.Ed. 38.) See *Garavalia v. City of Stillwater*, 168 N.W.2d 336; 37 A.L.R.3d 1147; 48 Am.Jur.2d, Labor and Labor Relations, Section 1361.

It is clear that plaintiffs as police officers and public employees had no constitutionally protected right to strike. They had been appointed and had functioned under the conditions and protections of the rules of the civil service commission; they were entitled to its benefits and were subject to its responsibilities.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

ABRAHAMSON and GUILD, JJ., concur.