SHARON GROVER, Plaintiff-Appellant, *v.* JOHN FRANKS *et al.,* Defendants-Appellees.

(No. 73-393;

Second District (1st Division)—April 24, 1975.

*Opinion modified upon denial of rehearing May 23, 1975.*

John J. O'Toole and Philip J. Rock, both of Chicago, for appellant.

Diver, Ridge, Brydges & Bollman, of Waukegan, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff appeals from an order quashing her petition filed under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72) seeking to vacate a previous order which dismissed her complaint for personal injuries. She claims that the trial court's strict construction of Supreme Court Rules 105(b)(1), (2) and 106 (Ill. Rev. Stat. 1971, ch. 110A, pars. 105(b)(1), (2) and 106) requiring service of the section 72 petition directly on the opposite party, and not on his attorneys, deprives her of due process of law.

On August 19, 1970, the plaintiff filed the complaint arising from an August 27, 1968, accident. An order was entered on March 2, 1971, ordering plaintiff to answer interrogatories within 30 days in response to defendant's notice which had been served on November 27, 1970. Plaintiff failed to answer and pursuant to notice the complaint was dismissed by a final order entered on June 30, 1971.

Plaintiff filed her section 72 action on May 18, 1973. Notice of the filing was sent only to counsel shown of record for the defendants in the personal injury action. Subsequently, plaintiff obtained leave of court to file an amended petition supported by affidavits purporting to show

a meritorious defense and the exercise of due diligence. Again, notice was sent only to counsel of record in the original suit. On July 9, 1973, the defendant filed a special and limited appearance contesting the jurisdiction of the court and alleging noncompliance with Supreme Court Rules 105 and 106 by failure to properly serve notice on the defendant. The order dismissing plaintiff's complaint and amended complaint followed, from which plaintiff has appealed.

The particular question before us is whether the trial court denied plaintiff due process of law when it found that the plaintiff had failed to give notice of the section 72 proceedings in compliance with the law and for that reason quashed the purported service and the section 72 petition.

■■■ It is established that when the methods of service of process are constitutionally tested, "the requisites of due process are satisfied if the manner of affecting service of summons gives reasonable assurance that notice will actually be given and the person against whom the action is brought is given reasonable time to appear and defend on the merits." (*People ex rel. Loeser v. Loeser* (1972), 51 Ill.2d 567, 572.) Particularly in civil actions, notice to an attorney during the pendency of a law suit is ordinarily considered sufficient notice to a client to satisfy due process. (See *People v. Brown* (1968), 39 Ill.2d 307, 310. See also Supreme Court Rule 11 (Ill. Rev. Stat. 1971, ch. 110A, par. 11).) However, this is not to say that it would be offensive to due process for the legislature or the courts to deny, under certain circumstances, the right to serve process on an attorney and to require service on his client.

■■■ Section 72 proceedings are not "pending" law suits. A section 72 petition although filed in the same case and under the same number and title as the original cause, is not a continuation of the prior proceedings but an independent action. (Ill. Rev. Stat. 1971, ch. 110, par. 72 (2).) New process need not issue, but a party must be notified as provided by rule. (See *Threlfall v. Threlfall* (1969), 119 Ill.App.2d 276, 281.) Supreme Court Rule 105 (made applicable to section 72 petitions by Supreme Court Rule 106) specifies that the notice may be served either by summons, by prepaid registered mail addressed to the party, return receipt requested, delivery limited to addressee only, or by publication. Ill. Rev. Stat. 1971, ch. 110A, par. 105(b)(2).

In *Andonoplas v. Jaremko* (1972), 9 Ill.App.3d 298, a personal injury action was dismissed for want of prosecution when the plaintiff failed to appear at a pretrial conference. Some 22 months after the original order plaintiff filed a section 72 motion which was granted, the judgment of dismissal was vacated and judgment was entered on the proofs. On appeal the court found that the only attempt by plaintiff to give

notice was by regular mail and not by registered mail as required by Rule 105(b)(2) and that therefore the court was without jurisdiction to enter the order vacating the dismissal for want of prosecution.

A somewhat contrary holding is noted in the recent case of *Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill.App.3d 706, 708, where the reviewing court, in observing that the facts "cry out for equitable relief," found that there was jurisdiction to entertain a section 72 petition without literal compliance with the provision of Supreme Court Rules 105 and 106. However, in this carefully reasoned opinion the court observed that the methods of service of notice provided in Supreme Court Rule 105 were specifically incorporated in section 72 procedures by Supreme Court Rule 106 and notice to the opposite party rather than to his attorney in the original case was therefore required, particularly since it could not be safely assumed that the same attorney continued to represent the defaulted party. This was deemed appropriate in view of the fact that the basic litigation had been terminated, the judgment to which section 72 relief was directed had become final, the opposite party was no longer in court, and the section 72 action was a new proceeding which could be filed as late as two years after the judgment. In drafting an exception to the strict requirements of notice in the particular form specified, however, the underlying facts were an important consideration. It was noted that the creditor's attorney had been empowered to represent him in the garnishment proceedings which followed the default judgment, that the attorney had been in the process of enforcing the judgment at the time he received the defendant's notice of the section 72 petition, that the attorney knew the creditor's address but refused to reveal it, and that there was evidence that the debtor made every possible effort to locate the creditor before notice was finally sent to the attorney. See also *Gorbatkin v. MacAndrews* (1973), 15 Ill.App. 3d 702, 705.

■■ We agree in principle with the rationale of *Ayrton* that there may be a need to find an exception to the three methods of service prescribed in Supreme Court Rule 105(b) to effectuate the equitable purpose of section 72 proceedings in exceptional cases. We do not, however, find that the circumstances of this case fall within the exception.

In this case there are no such compelling circumstances. Nor are there assurances that the service of notice on defendant's attorney of record in the original action amounted, in substance, to sufficient notice to defendant. There is no evidence that defendant's attorney of record in the original proceedings did, in fact, continue to represent defendant some 23 months later when the attorney was notified by letter. And, there is no showing that plaintiff made any effort to independently locate

the defendant, or was prevented from doing so, or that defendant's counsel of record in the earlier case either could have known or did know of defendant's whereabouts.

■■ Plaintiff's argument that, in any event, defendant did in fact have actual notice of the section 72 proceedings has no support in the record. The limited appearance of an attorney to contest jurisdiction does not by itself sustain the premise that a defendant who may have been represented by that attorney from time to time had knowledge of the section 72 proceedings where notice was sent to that attorney merely because he was counsel of record in a suit dismissed some 23 months previously.

■■ Plaintiff's further argument that defendant appeared generally rather than specially and therefore submitted to the court's jurisdiction is likewise without merit. The trial court specifically found that while the attorneys for the defendant had appeared in court on May 18, 1973, and again on June 29, 1973, in response to plaintiff's petition, no affirmative action was taken by either attorney at those times, and no action which would constitute a waiver of the special limited appearance was taken at any time. This finding is not against the manifest weight of the evidence. Compare *Pease v. Herb Julian Cab Co.* (1972), 7 Ill.App.3d 179, 182; *Park Avenue Lumber & Supply Co. v. Nils A. Hofverberg, Inc.* (1966), 76 Ill.App.2d 334, 343.

■■■ Supreme Court Rule 105 was designed to protect a party's right to reasonable notice so as to enable a defense to be made. Applied to the circumstances of this case the literal provisions are not unduly restrictive. And there is no overriding need founded in equity to advance substance over form as seen in *Public Taxi Service, Inc. v. Ayrton,* 15 Ill. App.3d 706. The inability of this plaintiff to have her day in court is not by reason of any deprivation of procedural due process. We therefore affirm the judgment.

Affirmed.

GUILD and HALLETT, JJ., concur.