THE BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 196, ST. CLAIR COUNTY, Plaintiff-Appellant, *v.* EVERETT PARKHILL *et al.*, Defendants-Appellees.

Fifth District   No. 75-333

Opinion filed June 22, 1977.

G. MORAN, J., dissenting.

William R. Hotto, of Hotto & Neubauer, of Fairview Heights, for appellant.

Charles J. Kolker, of East St. Louis, for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The plaintiff is an Illinois public school board. It had sought an injunction against various defendants (the District's employees, their union or organizations, and the officers of such organizations) to prevent the defendants from conducting a strike or picketing the district's schools. The court below granted a temporary restraining order and scheduled a hearing on the injunction one week later.

At the hearing on the complaint for injunction, the court refused to grant the permanent injunction and dismissed the temporary order. The court's order also provided among other things, that the employees were to return to work and authorized future limited informational picketing by the noncertified employees. The court retained jurisdiction over the parties. From this and the court's subsequent order stating no reason exists for delaying appeal, the plaintiff has brought this appeal.

The facts of the dispute are: The plaintiff operates five schools (attendance centers): three grade schools, one junior high school and one high school, with an employment of 84 teachers and 56 noncertified employees. The schools have a total enrollment of 1,783 students.

The named defendants, Idus U. Cleveland, Roberta Danback, Johnny Lou Sanders, Phyllis Karn and Walter Schlemmer, are noncertified employees of the plaintiff. The plaintiff asserts that the named defendants and the majority of the noncertified employees did not report to work on December 2, 1974 (the day the temporary restraining order was issued). On that date, the employees set up and maintained picket lines at each

school. The pickets carried signs identifying the pickets as members of a union.

The evidence indicated that perhaps 19 or so persons maintained the picket lines and only 10 noncertified employees reported for work.

The named defendants and Everett Parkhill and George Walke, are officers of the teachers' union, the defendant, Dupo Federation of Teachers' Local #1732 AFL-CIO.

The evidence was that the strike caused, among other things a significant decrease in the number of students attending school and in the number of teachers reporting to work. Also, the school busses did not operate because of the drivers' refusal to work and the cafeteria services of the schools were interrupted. There was a complete curtailment of custodial service.

The plaintiff contends that the strike disruption resulted in behavioral problems with the students. There are also allegations that such disruptions continued although the teachers returned to work following the issuance of the restraining order. There is also unrefuted evidence that, subsequent to the issuance of the restraining order, the teachers returned to work and were in normal attendance.

The plaintiff asserts that attendance has remained low (79% vs. 95%); that the learning situation has suffered; vandalism, disruptions and distractions continued. Also it asserts that students manned the picket lines, that employees encouraged, supported and supplied the pickets, that relatives of employees picketed the school, that threatening incidents occurred, busses were stopped, obscenities yelled and entrances blocked. There are various other complaints that are indicative of unsettled and abnormal school operation.

The plaintiff appeals contending first, that strikes by public employees performing a governmental function are unconstitutional and illegal and secondly, that picketing in support of an unlawful strike should be enjoined.

■ ■ We do not disagree with the contentions urged by the plaintiff. The law is quite clear in Illinois that "there is no inherent right in municipal employees to strike against their governmental employer, whether Federal, State, or a political subdivision thereof, and that a strike of municipal employees for any purpose is illegal." (*Board of Education v. Redding*, 32 Ill. 2d 567, 571, 207 N.E.2d 427. See also *City of Pana v. Crowe*, 57 Ill. 2d 547, 550, 316 N.E.2d 513, 514.) "The doctrine that public employees have no legal right to engage in a strike has been reiterated."

■ ■ A difficulty with which this court finds itself is what remedy does the plaintiff desire against the various defendants. The evidence is clear that the "Teachers' Union" and those named individuals belonging to that group have returned to work and have, without further disruption, ceased

directly aiding or supporting the strike; such is the testimony of the School Board. There is no evidence that the teachers or their union were striking at the time of the hearing. Therefore, we can find no error in the court below refusing to grant the requested relief against the defendant Union and the individual teachers.

We also agree with the second contention of the plaintiff. The evidence is clear and uncontroverted that the pickets were attempting to obtain recognition and thus, the purpose of the picketing was not informational but is rather for recognition. Again, our consideration is controlled by the case of *Board of Education v. Redding*:

"As stated by the late Mr. Justice Frankfurter in the *Hughes*[1] case: 'It has been amply recognized that picketing, not being the equivalent of speech as a matter of fact, is not its inevitable legal equivalent. Picketing is not beyond the control of a State if the manner in which picketing is conducted or the purpose which it seeks to effectuate gives ground for its disallowance. * * * "A state is not required to tolerate in all places and all circumstances even peaceful picketing by an individual." ' 339 U.S. at 465-466, 94 L. Ed. at 992.

The picketing here, though peaceful, was for the purpose of fostering and supporting an unlawful strike against a governmental employer and, being for an unlawful purpose, should have been enjoined for this reason alone. Apart from this, however, the effect of the influences exerted by the picketing was to impede and obstruct a vital and important governmental function—the proper and efficient education of our children—making its curtailment necessary to protect the patently overiding public interest." *Board of Education v. Redding*, 32 Ill. 2d 567, 575, 207 N.E.2d 427, 432.

■■ We note the cases of *City of Rockford v. Local No. 413, International Association of Firefighters*, 98 Ill. App. 2d 36, 240 N.E.2d 705, and *Peters v. South Chicago Community Hospital*, 107 Ill. App. 2d 460, 246 N.E.2d 840, which affirmed the granting of an injunction against a strike by public employees, but overturned the provisions which enjoined picketing. Both cases did so upon specific findings that the picketing was peaceful and did not interfere nor impede governmental functions. The evidence is clear in the present case that the picketing that existed was disruptive and interfered and impeded the governmental function and thus, should have been enjoined.

The court below in attempting to decide the matters before it granted the plaintiff limited relief in the form of the following paragraph of its order:

---

[1] *Hughes v. Superior Court*, 339 U.S. 460, 94 L. Ed. 985, 70 S. Ct. 718.

"(3) It is further ordered that the non-certified employees can maintain one (1) informational picket at each school and said picket can carry a sign. However, said sign must clearly state that the purpose of the picket is for informational purposes only, and that the said picket cannot engage in this activity during his or her hours of employment."

It is possible that since the date of the hearing the illegal picketing may have ceased and thus, the court's order may be appropriate as the present picketing may fall within the criteria of the *City of Rockford* and *Peters* cases cited above.

We therefore reverse the order of the circuit court of St. Clair County and remand the proceedings to the circuit court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JONES, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

Since the trial court retained jurisdiction of this case until further order of the court, this was an interlocutory order, which could be appealed from only by compliance with Supreme Court Rule 307 (Ill. Rev. Stat. 1975, ch. 110A, par. 307). No attempt was made to comply with this rule.

On April 16, 1975, the trial court found that its order of December 10, 1974, was a final appealable order. Inclusion of Supreme Court Rule 304 (Ill. Rev. Stat. 1975, ch. 110A, par. 304) special finding cannot confer jurisdiction if the trial court order is in fact not final. *Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.*, 63 Ill. 2d 61.

We should have dismissed this appeal on our own motion because we have no jurisdiction to review it.