DAVID A. SUMMERS *et al.*, Plaintiffs-Appellants, *v.* ILLINOIS COMMERCE COMMISSION *et al.*, Defendants-Appellees.

Fourth District   No. 14593

Opinion filed April 7, 1978.

CRAVEN, J., dissenting.

David A. Summers and Shirley Feldman Summers, both of Seattle, Washington, and Gloria Hampton and Percy Hampton, both of Charleston, for appellants, *pro se*.

William J. Scott, Attorney General, of Chicago, and Elmer Nafziger, of Nafziger & Otten, of Springfield (Hercules F. Bolos, Mary C. Ubatuba, and James E. Weging, Assistant Attorneys General, of counsel), for appellees.

Mr. JUSTICE MILLS delivered the opinion of the court:

We have here a question of *when* notice is perfected.

If it is the date on the document giving such notice, 31 days have run—no appeal.

If it is the date of receipt of the notice, 25 days only have elapsed—an appeal will lie.

Succinctly put, the Illinois Commerce Commission granted Central Illinois Public Service's application for a certificate of public convenience and necessity to construct a transmission line and then denied the intervening plaintiffs' petition for a rehearing. Notice of this denial was given the plaintiffs in a certificate of commission action dated December 13, 1976. On January 13, 1977—31 days after the date of the certificate—plaintiffs filed a notice of appeal in Coles County Circuit Court.

The appeal was dismissed as untimely.

We affirm.

The Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 72) provides that a person may appeal within 30 days after the service of any order of the ICC refusing an application for a rehearing. If service of a Commission order is by mail, "mailing in the United States mail * * * shall *constitute* service, without additional proof of a receipt of said certified copy or copies of said order." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 111 2/3, par. 70.

But—plaintiffs contend—according to Supreme Court Rule 12(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 12(c)), "service by mail is *complete* four days after mailing." (Emphasis added.)

■■ The courts have uniformly held that appeals from the Illinois Commerce Commission are purely statutory and must be prosecuted according to statutory requirements to be legally effective. (*Village of Waynesville v. Pennsylvania R.R. Co.* (1933), 354 Ill. 318, 188 N.E. 482; *Private Tele-Communications, Inc. v. Illinois Bell Telephone Co.* (1975), 31 Ill. App. 3d 887, 335 N.E.2d 110.) Traditionally, the notice requirement for appeals from ICC orders have been strictly construed. *Prairie Vista, Inc. v. Central Illinois Light Co.* (1976), 37 Ill. App. 3d 909, 346 N.E.2d 72.

■■ And since an appeal from a Commerce Commission order is an action governed by special statute (*Toledo, Peoria & Western R.R. v. Illinois Commerce Com.* (1940), 375 Ill. 35, 31 N.E.2d 293), the more general rules of the Supreme Court are not controlling. Moreover, Rule 12

quite expressly limits itself to proof of service in the trial and reviewing courts. This limited applicability of Rule 12(c) was noted in *Fletcher v. Civil Service Com.* (1972), 6 Ill. App. 3d 593, 286 N.E.2d 130, which concerned the Civil Service Commission's service of notice under the Administrative Review Act. There the court stated:

> "Rule 12 does not pretend to establish a universal standard necessarily to be followed in all cases in which a notice must be given and it has no application to proof of service of notice required to be given by a civil service commission." (6 Ill. App. 3d 593, 596, 286 N.E.2d 130, 133.)

Since the plaintiffs did not file their notice of appeal within 30 days of the mailing of the certificate of commission action as required by the controlling statute, the circuit court properly dismissed plaintiffs' appeal.

■■ Plaintiffs next claim that a finding that service is complete upon mailing violates their constitutional right to due process and equal protection. Although there is no set standard for what notice comports with due process (*Bellingham Bay Improvement Co. v. City of New Whatcom* (1899), 172 U.S. 314, 43 L. Ed. 460, 19 S. Ct. 205), it is clear that a party must be given reasonable notice and a fair opportunity to appear and defend on the merits. (*People ex rel. Loeser v. Loeser* (1972), 51 Ill. 2d 567, 283 N.E.2d 884; *Grover v. Franks* (1975), 27 Ill. App. 3d 900, 327 N.E.2d 71.) In the present case there is no question plaintiffs received notice. This is acknowledged. It is their position that although they did not have 30 days, they did have 25 days' notice. We certainly do not believe that the 25 days which plaintiffs admit having in this case in which to prepare and file an appeal was so inadequate as to amount to deprivation of due process.

■■ ■ It is also claimed by plaintiffs that the lower court's holding violated their equal protection rights since (1) parties served by personal delivery and those by mail will not receive the same number of days of action notice, (2) parties served by mail during the Christmas month of December will receive less time to file an appeal than parties mailed service in other months, and (3) parties appealing ICC orders will receive less time to file an appeal than parties seeking review of an agency under the Administrative Review Act.

The short answer to this is that the law does not envision *identical* treatment for all individuals. The application of the equal protection clause is limited to "instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers." (*Briscoe v. Kusper* (7th Cir. 1970), 435 F.2d 1046, 1052.) Rather than exposing any odius or offensive discrimination on the part of the Commission, plaintiffs merely tendered assumptions concerning mail

delay. Furthermore, it has been opined that minor differences in the application of laws to different groups are not in violation of equal protection. (*Williams v. Rhodes* (1968), 393 U.S. 23, 21 L. Ed. 2d 24, 89 S. Ct. 5.) Although the difference, to be sure, of one day was major in this case since it produced the consequence of dismissal, the differences in application of the statutes noted by the plaintiffs are minor.

■■ ■ Finally, it is argued that the Commission should have been required to *prove* the date it mailed the certificate of commission action as provided in Illinois Supreme Court Rule 12(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 12(b)). But—as previously observed—Rule 12(b) is not controlling because the Public Utilities Act governs the method of service of commission decisions. Since the applicable provision, section 66 (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 70), does not require *proof* of the date of mailing, it would seem somewhat elementary that the date on the letter notice should be presumed to be the date of the mailing. (See *Orrway Motor Service, Inc. v. Illinois Commerce Com.* (1976), 40 Ill. App. 3d 869, 353 N.E.2d 253.) Proof of the date of the letter, then, establishes a *prima facie* case of the date of mailing, thereby shifting the burden to the plaintiffs to prove that the letter was mailed *later* than the date indicated on the letter. And although plaintiffs were mailed certificates in postmark-bearing envelopes, the record is clear that they produced neither an envelope nor any other evidence to establish a date of mailing at variance with the date of the letter. *Ergo*, the letter date is the mailing date—too late to appeal.

Affirmed.

GREEN, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:
I dissent.

The majority opinion says the appeal was not timely filed. The statute says that "mailing * * * shall constitute service." No problem there. (*Prairie Vista*.) But should we presume that a letter or notice of final order was mailed on the date that the letter or the order bears? *Prairie Vista* supplies no answer to that problem.

When, as here, the order of the Commission is reviewable only if a notice of appeal is filed within 30 days of the date of *mailing* of the certificate and we require the appealing party to strictly comply with all statutory provisions, it is neither unreasonable nor undesirable to require the Commission to establish the date of mailing. Indeed we should do so before we dismiss the appeal as untimely.

Stated otherwise, how is it that we dismiss an appeal as not filed within

30 days of mailing when we do not know, nor does the movant tell us, the date of mailing? Neither human experience nor familiarity with governmental habits persuades me that all official documents are mailed on the date that they are typed. Unfortunately the majority cannot guarantee that the facts would jibe with the presumption they create. Until such time, however, as the presumption becomes reality, we should not toss cases out of the judicial system based upon *presumed* dates.