ILLINOIS BELL TELEPHONE COMPANY, Plaintiff-Appellee, *v.* THE ILLINOIS COMMERCE COMMISSION, Defendant-Appellant and Cross-Appellee.—(THE CITY OF CHICAGO *et al.,* Intervening Plaintiffs-Appellees and Cross-Appellants; ALTON BOX BOARD, CO., *et al., amici curiae.*)

Fourth District   No. 14706

Opinion filed October 12, 1978.—Rehearing denied November 9, 1978.

TRAPP, J., dissenting.

Michael Ginsberg and Carol Fines, both of Springfield, for appellant.

Donald H. Sharp, Thomas R. Hester, John W. McNulty, and Edward Butts, all of Chicago (Ensel, Jones, Blanchard & LaBarre, of counsel), for appellee Illinois Bell Telephone Company.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale, Edmund Hatfield, and Bernard Rane, Assistant Corporation Counsel, of counsel), for appellee City of Chicago.

Bernard Carey, State's Attorney, of Chicago (Richard K. Means, Assistant State's Attorney and Special Assistant Attorney General, of counsel), for appellee Cook County State's Attorney.

John P. Meyer and Linnea Johnson, of Law Offices of John P. Meyer, of Danville, and Randall Robertson, of Lueders, Robertson & Konzen, of Granite City, for *amici curiae*.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The Illinois Commerce Commission (Commission) timely appeals from a decision of the Sangamon County circuit court reversing and remanding a Commission order entered February 4, 1976, on a request for a general rate increase by Illinois Bell Telephone Company (Illinois Bell). The City of Chicago, an intervenor before the Commission, cross-appeals from that portion of the circuit court decision affirming the Commission's authorization of an increase in the rate for local coin telephones.

On March 7, 1975, Illinois Bell filed proposed tariffs with the Commission seeking changes in Bell's rate structure and a general increase in telephone rates applicable to all Bell exchanges in Illinois. On February 4, 1976, the Commission entered its order granting Illinois Bell a general increase in rates and directed Bell to file new tariffs which would provide for an operating income of "about $219,589,000 or a rate of return of approximately 8.75%" on an "original cost" rate base of $2,509,589,000. The Commission found the ordered rate to be just and reasonable. Following the Commission's denial of rehearing petitions, Illinois Bell, and intervenors Cook County State's Attorney, the City of Chicago, and the State of Illinois Department of General Services filed notices of appeal in Sangamon County circuit court. The cases were consolidated for decision.

On September 2, 1977, the circuit court filed an order affirming portions of the Commission's decision and reversing and remanding in part. Enforcement of the order was stayed pending appeal. Timely

notices of appeal were filed by the Commission, the Cook County State's Attorney, the Department of General Services, and the City of Chicago. Although a notice of cross-appeal was filed by Illinois Bell, the company has since determined to forego the cross-appeal.

Illinois Bell is one of 24 operating companies of the American Telephone and Telegraph Company Bell System. All of the capital stock of Illinois Bell is owned by ATT. At the time of the administrative hearings, Illinois Bell served approximately three million customers located in Illinois and Northern Indiana. Further facts necessary for the disposition of the issues raised will be discussed.

The Commission first argues that the trial court erred in determining that the Commission's use of a net "original cost" rate base was contrary to Illinois law and the court's decision to remand the case for the Commission's determination of fair value. Illinois Bell argues that the Commission acted outside of the scope of its authority in improperly excluding reproduction cost as a factor in determining the rate base for Illinois Bell's property attributable to Illinois intrastate operations.

Numerous estimates of rate bases were tendered to the Commission during the hearings, which totalled some 7,741 pages of transcript. Testifying on behalf of Illinois Bell, Mr. Knorr offered a net original cost estimate of Bell's property to be $2,540,473,000. The Commission staff, through its exhibit No. 6, found a net original cost of $2,467,796,000. While Mr. Lattimer, treasurer of Illinois Bell, testified that the company sought a 9.5 to 10% rate of return based on net original cost, the Commission allowed a rate of return of 8.75% on a final net original cost rate base of $2,509,589,000.

Mr. Knorr supplied testimony for Illinois Bell concerning their estimates of "current value" of the company's property. The witness described the concept of "current value" as essentially the number of December 31, 1975, dollars it would take to build the then-existing Illinois Bell system. Mr. Knorr used three different indexes in ascertaining a "current value" figure for the Bell system's Illinois intrastate operations. The first index, called a Telephone Plant Index (TPI), was based on the cost of constructing Illinois Bell plants from 1939 up to and including 1975, as modified by a "translator" of the dollar value invested in each year into 1975 dollars. The second index used was the Consumer Price Index (CPI) and the translating number for the historical dollar investment was that as developed from the United States Department of Labor figures. The third index number, Gross National Product Implicit Price Deflator (IPI), was based on figures developed by the United States Department of Commerce. Using the three indexes, Knorr came up with "current value" for Bell's Illinois intrastate operations to be as follows: Based on TPI, the current value for Illinois intrastate operations was

$4,464,016,000; current valued based on CPI was $4,737,712,000; and current value based on IPI was $4,639,182,000. Knorr thought the "TPI" figure was the best of the group and that the other two figures were included for the purpose of showing how non-Bell indexes would arrive at the same approximation as TPI. The difference between Bell's current value estimate of $4,464,016,000 and the Commission's rate base figure of $2,509,589,000 is approximately 1.95 billion dollars. Additional revenues generated by 1.95 billion at a 8.75% rate of return would be $170,625,000.

■■■ This court follows its decision rendered today in *Union Electric v. Illinois Commerce Com.* (1978), 64 Ill. App. 3d 700, 382 N.E.2d 143, where this court, in construing "value" and just and reasonable rates, determined that the Illinois Supreme Court has commanded the Commission to consider evidence of current economic conditions, including reproduction cost, but that the court has not held reproduction cost must be the sole element in the final Commission determination of fair value. In this case, considerable evidence of current economic conditions, including "current value" was considered by the Commerce Commission; in its discretion, a rate base value founded on original cost was chosen. We find the Commission acted within the scope of its statutory authority in determining the value of Illinois Bell's intrastate property. *Union Electric.*

■■ The Commission also appeals that part of the circuit court order reversing and remanding the Commission's findings regarding a directory assistance charging plan. Since the filing of this appeal, it has been brought to this court's attention, by both the Commission and Illinois Bell, that hearings are scheduled to be held concerning implementation of directory assistance charging and that, even if the circuit court were upheld, the hearings therein ordered would probably be consolidated with the pending case before the Commission. The Commission requests this issue be dismissed as moot due to the subsequent events while Illinois Bell asks that this issue be dismissed "by agreement." Based on the facts before this court, we conclude that the circuit court order reversing and remanding the Commission's decision on directory assistance charging is now moot.

■■ The next issue relates to certain requests for discovery which the hearing examiner ruled upon and the Commission found to be properly granted. The circuit court found that parties before the Commerce Commission are entitled to prehearing discovery "as a matter of right." Both the Commission and Illinois Bell argue to this court that, to the extent the judge based his decision on the Civil Practice Act and the Supreme Court Rules (as allegedly argued below by the Cook County State's Attorney), the court erred. Although we need not pass on this question, since our decision on the "value" issue makes rehearing of this

cause by the Commission unnecessary, it is apparent that while there is a right to discovery in proceedings before the Commission, the right is not specifically that granted under the Civil Practice Act or the Supreme Court Rules, which are inapplicable to the Commission's administrative proceedings. (See Supreme Court Rule 1 (58 Ill. 2d R. 1).) Accord, *Summers v. Illinois Commerce Com.* (1978), 58 Ill. App. 3d 933, 374 N.E.2d 1111; see, for example, Ill. Rev. Stat. 1977, ch. 111 2/3, pars. 66, 67.

■ Finally, the City of Chicago argues that the circuit court erred in affirming the Commerce Commission's decision to increase the basic coin telephone charge from 10 to 20 cents. The City argues the record does not contain substantial evidence to support the increase. Illinois Bell and the Commerce Commission argue that the increase was justified on the basis of the record before the Commission. After a careful review of the record, we agree with the circuit court that the order authorizing 20-cent pay phones is supported by sufficient findings of fact and evidence, and is not against the manifest weight of the evidence. Ill. Rev. Stat. 1977, ch. 111 2/3, par. 72.

The decision of the trial court is affirmed in part, reversed in part, and remanded with directions to enter an order affirming the Commission's rate base determination and the Commission's coin phone rate increase, and vacating its earlier order insofar as it relates to remanding the directory assistance charging plan. The stay heretofore in effect is dissolved.

Affirmed in part, reversed in part, and remanded with directions.

REARDON, J., concurs.

Mr. JUSTICE TRAPP, dissenting:

For the reasons stated in dissent in *Union Electric v. Illinois Commerce Com.* (1978), 64 Ill. App. 3d 700, 382 N.E.2d 143), I dissent from this opinion in so far as it concludes that the Commission may reject and disregard evidence of the "present fair value of utility property" (*City of Chicago v. Illinois Commerce Com.* (1954), 4 Ill. 2d 554, 558, 123 N.E.2d 500, 502), and fix rates solely upon the Commission's determination of "net original cost." I would affirm the trial court upon such issue.