2025 IL App (1st) 241991-U

Fourth Division
Filed August 28, 2025

No. 1-24-1991

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| ANDREW ANGEL HERNANDEZ, | ) ) | Appeal from the |
| Plaintiff-Appellant, | ) ) | Circuit Court of Cook County |
| v. | ) ) | No. 2024 L 000623 |
| GREGORY WELLS SNOW, | ) ) | The Honorable Michael F. Otto, |
| Defendant-Appellee. | ) ) | Judge, presiding. |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1     *Held:*  The order granting defendant's petition to vacate default judgment was vacated where defendant failed to serve notice in accordance with Illinois Supreme Court Rule 105(b) (eff. Jan. 1, 2018).

¶ 2     As a general rule, Illinois Supreme Court Rule 105(b)(1) (eff. Jan. 1, 2018) requires notice of certain pleadings, including petitions for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)), to be served on the opposing party personally, not through counsel of record in the underlying proceeding. In *Public Taxi Service, Inc. v. Ayrton*, 15 Ill. App. 3d 706 (1973), the court recognized a limited exception to that rule, holding that notice can be served on counsel under Illinois Supreme Court Rule 11 (eff. Oct. 1, 2024) when counsel is representing that same party in an active proceeding ancillary to the same underlying

judgment. In this case, we must decide whether a threat to institute garnishment proceedings ancillary to the underlying judgment triggers the *Public Taxi Service* exception.

¶ 3                                                     I. BACKGROUND

¶ 4        The underlying action is for personal injury and property damage that the plaintiff, Andrew Hernandez, alleges were sustained during a car accident caused by the defendant, Gregory Snow. After filing the complaint, Hernandez had Snow served at his residence by a special process server. Snow did not appear or answer, and Hernandez then sought and obtained a default judgment against him for $106,351 plus costs. Hernandez did not initiate any proceedings to enforce that judgment.

¶ 5        Eight weeks later, Snow filed a petition asking to vacate the default judgment. He alleged that upon being served, he notified his employer (whose vehicle he was driving at the time of the accident), who told him that they would take care of it and that he had relied on that assurance until two days earlier, when Hernandez's lawyer called him and threatened to garnish his wages. Snow served notice of the petition by emailing it to Hernandez's lawyer.

¶ 6        The court set a briefing schedule and set the petition for a hearing. Hernandez did not file a response, and neither he nor his attorney appeared at the hearing. Finding that "due notice" had been "given," the court granted the petition, vacated the default judgment, and set the matter for Snow to answer or otherwise plead.

¶ 7        Five days after the hearing, Hernandez, through the same attorney who had represented him in the underlying case and served notice of the petition to vacate, filed a notice of appeal.

¶ 8                                                     II. ANALYSIS

¶ 9        On appeal, Hernandez contends that the circuit court acted without jurisdiction because he was not properly served notice. Alternatively, he asks us to reverse on the merits of the petition.

¶ 10       Snow's request to vacate the default judgment was a petition for relief from judgment governed by section 2-1401 of the Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2022). Although petitions for relief from judgment are "filed in the same proceeding" as the judgment

being attacked, they are a new action, not a continuation of the underlying one, meaning that notice of the petition must be served on the opposing party. 735 ILCS 5/2-1401(b) (West 2022); *People v. Abdullah*, 2019 IL 123492, ¶ 13. As a general rule, notice must be served using one of the methods provided by rule for serving notice of additional relief to parties in default. Ill. S. Ct. R. 106 (eff. Aug. 1, 1985). Those methods are (1) personal service, as with the service of summons, (2) service by certified or registered mail, and (3) service by publication. Ill. S. Ct. R. 105(b) (eff. Jan. 1, 2018).

¶ 11 Here, rather than using one of these three methods, Snow sent notice of the petition to Hernandez's counsel in the underlying case. On appeal, he concedes that he did not serve notice per Rule 105, but he argues that the court should find that counsel's receipt of notice was sufficient under the exception recognized in *Public Taxi Service*. There, the court found that "[s]ervice of notice upon an attorney, as provided in Rule 11, should be allowed for a [petition for relief from judgment] when the original attorney is in court representing the opposite party in a matter ancillary to the original judgment," such as a garnishment proceeding. *Public Taxi Service*, 15 Ill. App. 3d at 712; see *Buckner v. Causey*, 311 Ill. App. 3d 139, 149 (1999) (explaining that a garnishment proceeding "is not a distinct and separate suit, but is an ancillary step in the original action").

¶ 12 The *Public Taxi Service* court grounded this exception in the purpose of requiring service of section 2-1401 petitions as specified in Rule 105(b), which is to ensure "that the party who has the judgment is informed that an effort is being made to take it away." *Id.* In an active, ongoing litigation, you generally serve a represented party by serving counsel of record. *Id.* at 711; see Ill. S. Ct. R. 11(a) (eff. Oct. 1, 2024). But section 2-1401 petitions are not filed in unresolved cases, they are filed in cases that have reached final judgment. *Public Taxi Service*, 15 Ill. App. 3d at 712. Because the litigation has come to an end, it is not safe to assume that counsel of record in that litigation continues to represent the opposing party, so the rules require that service of the petition be made on the party, not the party's former lawyer. *Id.* When that same lawyer is representing the party in an active proceeding ancillary to the original one, though, that concern disappears, and

service on counsel consistent with Rule 11 provides the necessary notice to the party. See *id.* at 712-713.

¶ 13    Since *Public Taxi Service*, our courts have "strictly construed" this exception to apply only when the opposing party's counsel is actually representing that party in ancillary litigation. *Armis Construction Co. v. Cosmopolitan National Bank*, 134 Ill. App. 3d 177, 181 (1985). Courts have found that the exception does not apply to notices served on counsel of record in the underlying case when a different attorney is litigating the ancillary proceedings (*Silny v. Lorens*, 73 Ill. App. 3d 638, 641 (1979)), when there was no evidence that the original attorney was continuing to represent the party at the time he was served notice of the petition (*Grover v. Franks*, 27 Ill. App. 3d 900, 904-05 (1975)), when the original attorney has made only a special appearance to contest whether notice was adequately served (*Welfelt v. Schultz Transit Co.*, 144 Ill. App. 3d 767, 772-73 (1986)), and when the original attorney was representing the same party but in an unrelated matter (*Armis Construction*, 134 Ill. App. 3d at 182). Here, there was no active ancillary litigation, so, as in *Silny*, *Grover*, *Welfelt*, and *Armis Construction*, the narrow exception to Rule 105(b) recognized in *Public Taxi Service* does not apply.

¶ 14    We recognize that the petition and its affidavits showed that counsel of record for Hernandez had taken informal steps to encourage Snow to satisfy the judgment, but a threat of garnishment in an out-of-court communication is not the same as actually initiating garnishment proceedings. The existence of an ongoing court proceeding where a party is represented by counsel who has made an appearance on the record matters because it enables service of notice to be provided to counsel under Rule 11. If there is no ongoing proceeding, Rule 11 has no application, so there is no rules-based justification for dispensing with the methods of service set out in Rule 105(b). The petition must be served using one of those methods.

¶ 15    Accordingly, we hold that serving notice of the petition on Hernandez's lawyer was inadequate. Snow's failure to adequately serve notice means that the circuit court did not acquire jurisdiction to proceed on the petition to vacate. *Welfelt*, 144 Ill. App. 3d at 773. Its order granting the petition and reinstating the judgment must, therefore, be vacated.

¶ 16     Although we vacate the order granting the petition based on Snow's failure to serve proper notice, there is no longer any serious question that Hernandez and his attorney in this appeal now have actual notice that Snow is attempting to vacate the default judgment. Rule 105(b)'s purpose has been served. See *People v. Saterfield*, 2015 IL App (1st) 132355, ¶ 15. We trust that, on remand, proper service under Rule 105(b) will be either made or waived, allowing the circuit court to hear and resolve the petition on the merits. See *OneWest Bank, FSB v. Topor*, 2013 IL App (1st) 120010, ¶ 21.

¶ 17                                    III.  CONCLUSION

¶ 18     Because the petition to vacate was not properly served, the circuit court lacked jurisdiction to proceed on it. We therefore vacate the order granting the petition and vacating the original judgment, and we remand for service of the petition and any further proceedings thereon.

¶ 19     Vacated and remanded.