ROBERT KAMMES, Plaintiff-Appellant, *v.* BERNARD SEGER *et al.*, Defendants-Appellees.

Second District (1st Division) No. 74-190

Opinion filed July 1, 1976.—Rehearing denied October 12, 1976.

Richard W. Husted, of Elgin, for appellant.

Lyle H. Rossiter, of Glen Ellyn, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

■■ The plaintiff herein appeals from an order of the circuit court granting defendants' petition to vacate a default judgment of July 15, 1969, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72). The court further set the cause for trial on May 23, 1974. The plaintiff first contends that the trial court lacked jurisdiction to hear defendants' section 72 petition in that defendants failed to serve notice upon the plaintiff personally, as provided for in Supreme Court Rules 105 and 106 (Ill. Rev. Stat. 1973, ch. 110A, pars. 105 and 106). The second contention of the plaintiff is that defendants did not file a petition for relief under section 72 within two years from the date the default was entered. The defendants filed a motion to dismiss the appeal herein on the grounds that the order appealed from was not a final order but merely an order setting the case for trial. The motion was taken with the case. Supreme Court Rule 304(b)(3) provides that "[a] judgment or order granting or denying any of the relief prayed in a petition under section 72 of the Civil Practice Act * * *" (Ill. Rev. Stat. 1975, ch. 110A, par. 304(b)(3)) is appealable. Under the authority of this rule the defendants' motion to dismiss the appeal is denied. See also *Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 317 N.E.2d 774.

On June 7, 1969, the plaintiff filed a complaint to recover $1167.15 due for services rendered in caring for certain horses and ponies of the defendants. The same day the defendants were served at their home, where they had lived for 20 years, with a summons. The defendants did not answer or file an appearance within the allotted time period. On July 7, 1969, with both parties present in court, Judge Whipple ordered that the defendants file their answer by July 15, 1969. The defendants filed their appearance, answer and jury demand on July 14, 1969. On July 15, 1969, without notice to the opposing party, the plaintiff, by his attorney, Richard Husted, moved the court for a default judgment, representing that the defendants had failed to answer or otherwise appear. Judgment by default was entered on behalf of the plaintiff for $1167.15. A memorandum of judgment was filed on July 16, 1969. Execution was issued on July 16 also, but the plaintiff failed to provide the defendants' address at which the original service had been made. The execution was returned by the sheriff, "Not Served" with a notation attached that "Address where defendants may be served not given." On June 2, 1970, an alias execution was issued and returned "Not Served" on September 14, 1970. At all times the defendants continued to live at the same address where they had been originally served. On November 17, 1970, the

plaintiff filed a citation to discover the defendants' assets, returnable on December 2, 1970, before Judge Whipple. On December 2, 1970, defendant, Bernard Seger, appeared before Judge Whipple in response to the citation at the opening of court and remained there throughout the morning session. At no time was the plaintiff's attorney present. Judge Whipple, being apprised of the record, entered an order pursuant to section 72 of the Civil Practice Act vacating the judgment of July 15, 1969. On December 3, 1970, plaintiff's attorney mailed notice to Bernard Seger that he would move to vacate Judge Whipple's order of December 2, 1970, on December 9, 1970, at the hour of 10 a.m. There is a dispute as to what happened on December 9, 1970. The defendants stated in their unanswered verified petition that they appeared before Judge Whipple at the opening of court and remained there until noon recess. They claim that attorney Husted did not appear. Defendant also stated that Judge Whipple told the defendant, Bernard Seger, at the noon adjournment that, "If you don't hear from me, forget the matter." The plaintiff contends in his brief that his attorney, Mr. Husted, appeared before Judge Whipple that morning and moved the court to enter an order vacating his order of December 2, 1970, and reinstating the judgment of July 15, 1969. In any event, at 1:44 p.m. an order entered by Judge Whipple was placed in the court file vacating his order of December 2, 1970, and reinstating the judgment of July 15, 1969. Neither defendants nor their attorney, William S. Keck, knew about the entry of the December 9, 1970, order at that time. Plaintiff's attorney, Husted, never contacted the defendants or their attorney to inform them of the December 9, 1970, order. On December 23, 1970, attorney Keck wrote a letter to the defendants informing them that the July 15, 1969, judgment was vacated and that the case was set for trial on January 19, 1971. In the same letter Keck told the defendants that he no longer wished to represent them and requested they seek other counsel. A copy of that letter was mailed to Judge Whipple. At the time the circuit court rules provided for the clerk to mail notice of the trial date to the parties. This was never done in this case. Nothing else happened in this case until February 16, 1974, when the defendants were served with a citation to discover assets, returnable on February 27, 1974. The defendants' new attorney, Lyle H. Rossiter, then wrote a letter to attorney Husted informing him that the order of December 2, 1970, had vacated the July 15, 1969, judgment and that since the plaintiff had not appeared the morning of December 9, 1970, to present his motion to vacate the December 2, 1970, order, that no action was taken as to that motion and that there was no judgment and no one would respond to the citation unless attorney Husted telephoned attorney Rossiter before February 27, 1974. On February 23, 1974, defendants received a second citation to discover assets returnable on February 27,

1974. On February 25, 1974, attorney Rossiter informed attorney Husted of a conflict in his schedule and requested a continuation of the citation's return date. Attorney Husted refused. On February 27, 1974, defendant, Bernard Seger, appeared in court in response to the citation notice and stayed all morning. Attorney Husted entered the courtroom only to depart without presenting his citation to the court. On March 12, 1974, attorney Rossiter examined the court file and learned for the first time of the entry of the December 9, 1970, order vacating the December 2, 1970, order and reinstating the July 15, 1969, judgment. On March 21, 1974, defendants gave plaintiff's attorney, Husted, notice of their petition to vacate the July 15, 1969, judgment and the December 9, 1970, order and to set the case for trial. On March 26, 1974, after determining that Mr. Husted had received notice of the petition and that he was not going to appear or respond to the petition, Chief Judge John Krause entered an order vacating the judgment of July 15, 1969, and setting the case for trial on May 23, 1974. Plaintiff appeals from this order.

■■■ We consider first the contention of the plaintiff that the notice of March 21, 1974, given by the attorney for the defendant upon the attorney for the plaintiff, rather than upon the plaintiff personally, is insufficient. Supreme Court Rule 106 provides that notice of filing of petition under section 72 of the Civil Practice Act will be given by the same method provided for in Supreme Court Rule 105. Supreme Court Rule 105 primarily pertains to the service for additional relief against a defaulted party, which, of course, is not the situation before us. Notice herein was given pursuant to provisions of Supreme Court Rule 11 (Ill. Rev. Stat. 1973, ch. 110A, par. 11) which provides for service of process upon the attorney of record for parties who are not in default.

This issue was discussed in detail in *Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 304 N.E.2d 733, by Justice Dempsey. In that case we find a situation most comparable to the one before us. Similarly to the instant case, this was a procedure under section 72 where service was had upon the attorney rather than upon the party personally. In a well-reasoned opinion, the court there stated, after considering the reasons for the requirement of service upon the party personally in a section 72 petition:

> "Notice to the opposite party is required rather than to his attorney in the original case because, after judgment, it cannot be assumed that the same attorney continues to represent him. But if the attorney's subsequent actions—such as attempting to obtain satisfaction of the judgment—indicate that he is still the party's attorney, then there is no logical reason why the party should not be notified through him. The object of process is to notify a party of pending litigation so as to secure his appearance. * * *

&ast; &ast; &ast; Service of notice upon an attorney, as provided in Rule 11, should be allowed for a section 72 petition when the original attorney is in court representing the opposite party in a matter ancillary to the original judgment &ast; &ast; &ast;. Substance is to be preferred over form and the rule should be liberally construed in order to promote justice." (15 Ill. App. 3d 706, 712, 304 N.E.2d 733, 738-39.)

(See also *Pease v. Herb Julian Cab Co.* (1972), 7 Ill. App. 3d 179, 287 N.E.2d 200.) Confirmation of service by the attorney for the defendant and plaintiff's attorney's refusal to appear does, in fact, constitute proper service of a section 72 petition as an exception to the requirements of Supreme Court Rules 105 and 106. This exception was recognized in our recent case of *Grover v. Franks* (1975), 27 Ill. App. 3d 900, 327 N.E.2d 71. In *Grover*, however, we found that the circumstances of that case did not fall within the exception, whereas in the instant case the circumstances require the application of this exception. It is, of course, to be expressly noted that attorney Husted was not only attorney of record herein, knowledgeable of what was transpiring, but actively sought to enforce the judgment from which relief was sought by the section 72 petition.

■■ As in *Ayrton*, the case at bar cries out for equitable relief. The default judgment herein was taken by the plaintiff under highly questionable circumstances. Defendants had filed their appearance and answer on July 14, 1969, pursuant to court order, yet plaintiff's attorney entered a default judgment against them the next day and in no way advised defendants or their attorney of the default judgment. No real effort was made to obtain payment until the judgment became final (*i.e.*, the plaintiff knew but did not provide the sheriff with the defendants' address for the service of the execution); the citation to discover the defendants' assets after the December 9, 1970, order reinstating the default judgment was not filed until long after the two-year limitation had passed; and the same attorney represented the plaintiff in the default proceeding and in the post-trial collection process. In light of these similarities between this case and *Ayrton*, we hold that this case comes within the exception and that defendants adequately served the plaintiff with proper notice. See also *Gorbatkin v. MacAndrews* (1973), 15 Ill. App. 3d 702, 304 N.E.2d 739.

The plaintiff's next contention is that the statutory two year period of limitation is jurisdictional and, since the defendants failed to file their section 72 petition to vacate the judgment entered July 15, 1969, and the order reinstating that judgment on December 9, 1970, within two years of either date, that the trial court lacked jurisdiction to entertain that petition. The defendants' position is that subsection (3) of section 72 of the Civil Practice Act prevents the running of the limitation period during

the time which the ground for relief is fraudulently concealed from the defendants. Defendants claim that the actions of the plaintiff's attorney constituted fraudulent concealment within the meaning of section 72. Defendants also say that a section 72 petition may be addressed to the equitable powers of the court, when the exercise of such powers is necessary to prevent injustice.

We recognize that the two-year limitations of subsection (3) has been strictly construed by our court. (*Johnson v. Hawkins* (1972), 4 Ill. App. 3d 29, 32, 280 N.E.2d 291, 293.) However, section 72 specifically provides that fraudulent concealment prevents the running of the limitation period. *Nogle v. Nogle* (1964), 53 Ill. App. 2d 457, 464, 202 N.E.2d 683, 687.

■■ In the case at bar, the plaintiff's attorney is responsible for several acts which, when viewed in the totality of the circumstances, can only be classified as designed to prevent, and did prevent, initially the discovery of the entry of the default judgment and subsequently the order reinstating that judgment. We note that the plaintiff's attorney never advised his opposing counsel of record, informally or otherwise, that he was proceeding to an *ex parte* judgment on July 15, 1969. He never notified opposing counsel of the default judgment after it was entered. He failed to provide the sheriff's office with the defendants' proper address for the purpose of serving the execution of the alias execution upon the defendants, even though he knew their correct address. He delayed the collection process on the default judgment until almost 1½ years after it was entered. He failed to appear at 10 a.m. on December 9, 1970, the time stated in his notice of motion to vacate the order of December 2, 1970, but did present his motion that afternoon after the defendants, who had waited all morning, had left the courthouse. He never notified the opposing counsel of the order reinstating the default judgment. He delayed the collection process on the reinstated default judgment until four years after it was reinstated, even though, as early as December, 1970, he knew about a Du Page County land trust in which the defendants had an interest. He refused to show opposing counsel the common courtesy of continuing hearings on motions until such time as both attorneys could present their views about the erroneous default. Furthermore, he failed to inform the defendants' attorney, Mr. Rossiter, after receiving the letter of February 20, 1974, or during their telephone conversation of February 25, 1974, that the default judgment had been reinstated, even though he knew that Mr. Rossiter was ignorant of that fact.

■■ In reviewing this conduct by the plaintiff's attorney, it is obvious that, had attorney Husted given any of the notices above, followed common courtesy, not delayed in the collection process or had shown up in court at the time stated in his notice of motion, this appeal would not be

before us today. It is obvious that his actions have caused the concealment of the reinstatement of the default judgment until long after the two-year limitation period had passed.

We recognize that:

"A lawyer's professional responsibility to his client does not require him to disregard professional courtesies to opposing counsel, including (unless notice to the contrary has been given) adherence to local customary practices designed to assure the doing of substantial justice between the parties * * *." (*George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 979, 313 N.E.2d 684, 688.)

Furthermore, our Supreme Court stated in *Ellman v. De Ruiter* (1952), 412 Ill. 285, 293, 106 N.E.2d 350, 354, that:

"The pattern of conduct followed by plaintiffs' attorney after the default judgments were entered, and for which no justification has been offered in this or the lower courts, admits of no serious doubt that it was designed to mislead and lull the defendant until such time as the county court's power over the proceeding had ceased to exist * * *. While there was no duty on the attorney to notify defendant of the default judgments, fair dealing would require that he inform defendant of the defaults when the question arose instead of pursuing a course calculated to keep the defendant in ignorance until the time he could make a direct attack on the judgments had expired."

Finally, we note that it is settled law that a section 72 petition may be addressed to the equitable powers of the court when the exercise of such power is necessary to prevent injustice. *Ellman; Manny Cab Co. v. McNeil Teaming Co.* (1975), 28 Ill. App. 3d 1014, 329 N.E.2d 376; *Howard v. Decor Home Builders, Inc.* (1976), 37 Ill. App. 3d 173, 345 N.E.2d 719.

Considering the record in its entirety, we agree with the trial court that such conduct should not be condoned and that justice and fair play called for the exercise of the trial court's equitable power. The defendants are entitled to the relief sought.

For the reasons stated above, the trial court properly granted defendants' section 72 petition. The judgment of the circuit court is affirmed and the case is remanded for further proceedings in accordance with the trial court's order of March 26, 1974.

Judgment affirmed and remanded for further proceedings.

SEIDENFELD and HALLETT, JJ., concur.