ARMIS CONSTRUCTION COMPANY, INC., *et al.*, Plaintiffs and Counterdefendants-Appellants, v. COSMOPOLITAN NATIONAL BANK *et al.*, Defendants (Federal Deposit Insurance Corporation, Defendants and Counterplaintiffs-Appellees).

First District (2nd Division)   No. 84—1520

Opinion filed June 11, 1985.

William T. Regas and Gregory G. Vacala, both of Park Ridge, for appellants.

Sidley & Austin, of Chicago, and John C. Murphy, Jr., and Ralph Frable, both of Washington, D.C. (David F. Graham, of counsel), for appellee.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendants-counterplaintiff's second amended counterclaim was dismissed for want of prosecution on December 20, 1983. On March 30, 1984, defendants-counterplaintiffs filed a petition to vacate the dismissal under section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). Plaintiffs-counterdefendants filed a special and limited appearance to contest the trial court's jurisdiction based upon improper service, and filed a motion to quash defendants-counterplaintiff's petition to vacate and notice thereof.

The trial court granted defendants-counterplaintiff's petition to vacate and denied plaintiffs-counterdefendants' motions to quash. Plaintiffs-counterdefendants appeal from this order under Supreme Court Rule 304(b)(3) (87 Ill. 2d R. 304(b)(3)).

This suit was originally filed in 1980 by plaintiffs-counterdefendants-appellants Armis Construction Co., and Bill Martzaklis (plaintiffs). The sole attorney of record for plaintiffs throughout this litigation has been William T. Regas.

In April 1981, plaintiffs filed a five-count amended complaint, the first two counts of which sought foreclosure of a mechanic's lien against, *inter alia,* the Des Plaines Bank, and the fifth count of which sought damages against the bank on behalf of Martzaklis individually. On June 9, 1981, following the appointment of a receiver for the bank, defendant-counterplaintiff-appellee the Federal Deposit Insurance Corporation (FDIC) was granted leave to be substituted as the real party in interest in place of the Des Plaines Bank.

On August 21, 1981, the FDIC filed verified counterclaims against plaintiffs, seeking damages for various unpaid loans to and guarantees made by plaintiffs. On August 2, 1983, the FDIC moved for summary judgment against plaintiffs with respect to those counts of their

amended complaint seeking foreclosure of a mechanic's lien. On September 21, 1983, the FDIC's motion for summary judgment was heard and granted, and the remaining portions of the cause were transferred to the law division of the circuit court of Cook County.

In December of 1983, the cause was placed on the law division assignment call. Neither plaintiffs nor the FDIC appeared for said call, and on December 20, 1983, the entire action was dismissed.

In March of 1983, the FDIC filed a petition to vacate the dismissal order under section 2—1401 of the Code of Civil Procedure. Notice of this petition was served upon plaintiffs' attorney of record in the original action, William T. Regas. On April 6, 1984, the petition was heard in the circuit court, and plaintiffs' attorney filed a special and limited appearance together with a motion to quash service.

Argument at the hearing centered on whether, under the particular circumstances of the case, the service upon plaintiffs' attorney was sufficient to confer jurisdiction upon the trial court. The court eventually directed the FDIC to attempt to serve notice of its petition directly upon plaintiffs and continued all motions. The FDIC then filed a notice of its section 2—1401 petition directed to Martzaklis personally at his last known address and to Armis in care of its registered agent.

On May 24, 1984, another hearing was held on the FDIC's section 2—1401 petition and on plaintiffs' motion to quash. The court heard evidence of the FDIC's efforts to locate and personally serve plaintiffs and of plaintiffs' apparent attempts to avoid such service. Among the FDIC's efforts had been attempts at personal service, service by restricted delivery mail and the hiring of a private investigator to find Martzaklis. After the hearing, the trial court, in reliance on its equitable powers, held that the FDIC's service upon plaintiffs' attorney had been adequate under the circumstances and denied plaintiffs' motion to quash while granting the FDIC's section 2—1401 petition. Plaintiffs appeal.

■ It is clear that a party seeking relief from a judgment under section 2—1401 of the Code of Civil Procedure must give notice to the opposing parties by one of the methods specified in Supreme Court Rule 105(b). (87 Ill. 2d R. 105(b); see *Schiffman v. Bowman* (1980), 88 Ill. App. 3d 766, 769, 411 N.E.2d 71; *Andonoplas v. Jaremko* (1972), 9 Ill. App. 3d 298, 300, 292 N.E.2d 225.) Plaintiffs contend that, because notice of the FDIC's petition was not properly served upon them, the trial court lacked jurisdiction to vacate its earlier dismissal order. Plaintiffs argue that service upon their attorney, William T. Regas, rather than upon plaintiffs themselves, is improper under the su-

preme court rules, and that such service should not have been accepted by the trial court on equitable grounds because there was no evidence that Regas was still plaintiffs' attorney at the time the section 2—1401 petition was filed.

The law regarding service of notice of section 2—1401 petitions is clear:

"Although filed in the same case under the same number and title, a section 72 petition is regarded as an independent action and the respondent named in the petition must be notified anew. [Citation.] If the notice is invalid, jurisdiction is lacking and subsequent orders are likewise invalid. [Citation.] Supreme Court Rules 105 and 106 indicate that notice of a section 72 petition shall be served in one of the following three ways: (1) by the method provided by law for service of summons; (2) by prepaid registered mail; (3) by publication." *Silny v. Lorens* (1979), 73 Ill. App. 3d 638, 641, 392 N.E.2d 267.

The FDIC admits that its section 2—1401 petition was not served in the manner provided by the supreme court rules, but argues that the instant case is one in which an exception should be made to the strict adherence to the service requirements provided by the rules. In support of this argument, the FDIC cites *Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 304 N.E.2d 733, in which this court held that, while notice to an opposing party, rather than to his attorney, is required in section 72 proceedings, where the attorney's subsequent actions indicate that he is still the party's attorney, there is no logical reason why the party should not be notified through him. 15 Ill. App. 3d 706, 712.

In *Ayrton*, the petitioner, rather than using any of the methods of service prescribed in Supreme Court Rule 105(b), served notice of his section 72 petition on respondent's attorney. Noting that the attorney was empowered to collect the judgment, had represented plaintiff in garnishment proceedings and was trying to enforce the judgment at the time he received the defendant's notice of the petition to vacate, the court in *Ayrton* held that under the circumstances there was a need for an equitable exception to the three methods of service prescribed by Rule 105(b) and ruled that service of the section 72 petition on the respondent's attorney was sufficient. The court stated that service of notice upon the respondent's attorney of record in the original action should be allowed "when the original attorney is in court representing the opposite party in a matter ancillary to the original judgment." (*Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 712.) Nearly identical facts produced the same findings in *Gor-*

*batkin v. MacAndrews* (1973), 15 Ill. App. 3d 702, 304 N.E.2d 739.

An examination of decisions rendered subsequent to *Ayrton* indicates that this court has strictly construed the requirement stated in that decision, that the original attorney be in court representing his client "in a matter ancillary to the original judgment" before an equitable exception will be made to the requirements of the supreme court rules.

In *Silny v. Lorens* (1979), 73 Ill. App. 3d 638, 392 N.E.2d 267, the plaintiff's attorney of record in the original action had been replaced by other counsel shortly after the commencement of collection proceedings against the defendant. This fact was known to defendant because a citation to discover assets filed subsequent to the entry of the default judgment listed plaintiff's new attorney as attorney of record. We reversed the trial court's allowance of defendant's section 72 petition because plaintiff's attorney in the original action no longer represented plaintiff at the time he received notice of the section 72 petition.

In *Grover v. Franks* (1975), 27 Ill. App. 3d 900, 327 N.E.2d 71, plaintiff's section 72 petition was filed 23 months after the dismissal of her complaint, and notice of the petition was sent only to defendant's counsel of record in the original action. The trial court granted defendant's motion to quash the petition, and we affirmed, finding no basis upon which to make exception to the requirement of the supreme court rules because there was no evidence that the attorney of record in the original action did, in fact, continue to represent defendant 23 months after the termination of the original action.

In *Kammes v. Seger* (1976), 41 Ill. App. 3d 768, 355 N.E.2d 167, we noted that the default judgment against defendant had been "taken by the plaintiff under highly questionable circumstances" (41 Ill. App. 3d 768, 773) and that plaintiff's attorney of record in the original action was knowledgeable of what was transpiring and had "actively sought to enforce the judgment from which relief was sought by the section 72 petition." (41 Ill. App. 3d 768, 773.) We found that, under these facts, the case fell within the requirements specified for equitable relief in *Ayrton,* and that service of notice upon plaintiff's attorney was sufficient.

However, we cannot say that the facts in the instant case "cry out for equitable relief," as did those in *Ayrton, Gorbatkin* and *Kammes.* (*Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 708.) Plaintiffs' attorney in the instant case was not in court representing plaintiffs in a matter ancillary to the original judgment, as were the attorneys in *Ayrton, Gorbatkin* and *Kammes.* We believe

that the equitable exception set forth in *Ayrton* to the requirements of service of notice of a section 2—1401 petition, as prescribed by Supreme Court Rule 105(b), is an extremely narrow one, carefully constructed to provide the relief deemed necessary under the particular and extreme circumstances of that case. Such circumstances do not exist here, and we believe that any further expansion of the statutorily approved methods of service of notice of section 2—1401 petitions would more appropriately be accomplished by amendment to the supreme court rules or to the statute than by creation of particular exceptions to the rule by this court.

The FDIC has taken great pains to prove to this court that attorney Regas continues to represent plaintiff in an unrelated lawsuit pending in the circuit court of Cook County. Plaintiffs have filed with this court copies of orders purporting to indicate that this unrelated action was terminated in July 1983, but the FDIC contends that the action is still pending in the circuit court. In response to this contention, this court ordered supplemental oral arguments for the purpose of determining whether attorney Regas was representing plaintiff in any litigation at the time he was served with notice of the FDIC's section 2—1401 petition. After hearing the parties' arguments on this issue, we find that plaintiff was not involved in any litigation in which it was represented by attorney Regas at the time Regas received notice of the FDIC's section 2—1401 petition.

Furthermore, in light of our examination of the limited exception set forth in *Ayrton* to the requirements of Supreme Court Rule 105(b) in section 2—1401 proceedings, we find that evidence relating to the pendency of unrelated litigation in which plaintiffs in the instant case are represented by attorney Regas is immaterial in determining the sufficiency of the service of notice of the FDIC's petition upon plaintiffs. The methods of service approved by Rule 105(b) do not include service upon the respondent's attorney of record in the original action, and unless a case contains extreme facts similar to those in *Ayrton,* which "cry out for equitable relief" (*Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 708) and which indicate that the section 2—1401 respondent's attorney of record in the original action "is in court representing [respondent] in a matter ancillary to the original judgment" (15 Ill. App. 3d 706, 712), we will not make an exception to the methods of service approved by the supreme court rules so as to allow service upon respondent's attorney of record in the original action.

■ Additionally, although attorney Regas filed a special and limited appearance in the trial court in response to the FDIC's section

2—1401 petition, we stated in *Grover v. Franks* (1975), 27 Ill. App. 3d 900, 327 N.E.2d 71, that the limited appearance of an attorney to contest jurisdiction does not by itself indicate that a party who may have been represented by that attorney from time to time has knowledge of a section 2—1401 petition where notice was sent to that attorney merely because he was counsel of record in a suit dismissed months earlier. 27 Ill. App. 3d 900, 905.

For the reasons expressed herein, we reverse the decision of the circuit court denying plaintiffs' motion to quash service of FDIC's section 2—1401 petition.

Reversed.

HARTMAN and BILANDIC, JJ., concur.